moved to our second argument of this of the morning number 22 2083 in Ray Dagan law counsel for the U.S. trustee Mr. Aguiar can you I know you're going to appear remotely we can see you just fine can you hear us I can hear you perfectly well thank you okay so Mr. Mendito yes your honor good morning good morning your honors David Mendito on behalf of the petitioners Jim Ford and his law firm Deegan law but I'll be referring to the firm is upright or upright law like we did in the briefs the court has already given the petitioners the first shot at briefing well didn't get it to us we filed their petition but you gave us a reply and I know the court has read the briefs so I'm not coming with this much prepared comments as the attorneys that argued the last the last the last case there was a lot of record-specific things they wanted to bring up here I think it's a little cleaner but I do want to offer some opening comments I'll keep it short and then apprise the court of some recent events in that Fifth Circuit decision and jargons see that just came down that I think is going to be relevant for the court's analysis here civil juries have long served a critical check on government power the Constitution would not have been ratified if the founders had not assured private citizens a right to a jury trial in government actions in which they seek a civil penalty this is one of the main points that that jargons see decision makes and in support of it they cite Federalist number 83 in the Supreme Court's decision in Parsons versus Bedford which is at 28 US 443 or 433 now the Supreme Court in tall has firmly established that when the government seeks a civil penalty it gives rise to a jury trial right and this court affirmed it in the Lipson case and the Ninth Circuit affirmed it in the Jensen case that we cite where the government sought a jury trial right and the court said yes you're entitled to that because Mandita let me let me ask you this just in the interest of time has any court in the United States state or federal to your knowledge held that you have a penalties claim no court has held that position as your court is aware there are the lower courts obviously ruled against us on that and then there is a bascus decision out of the Southern District of okay so if we don't have how how then given that reality just measurement of the case law where the case law is at right now how is it that you can claim entitlement at least clear entitlement to mandamus relief I mean the reason I'm asking you the question that way is because I'm thinking about the Cheney factors and I'm thinking in particular about the second of the Cheney factors the clear and indisputable or clear and unmistakable right okay and what is it that you would point to that makes it clear and unmistakable the clear and unmistakable right comes from the fact that the government has sought a civil penalty which is legal in nature and as traditionally always was always tried by the 18th century courts of England the only exception to that would be if a private of private in the private rights exception to the jury trial right well grand financier is clear on what that entails it has to be did Congress assign this claim to a non-article three tribunal and does that non-article three tribunal not use jury trials that's not what happened here but that's that was the holding of Baskis that was the holding of the lower court okay but here Congress has not here Congress has not assigned 526 claims to a non-article three tribunal that doesn't use juries we know bankruptcy courts use juries they have the authority to use juries with the consent of the parties to litigation and also Congress did not assign these cases to the bankruptcy court these cases are assigned to the district court yeah you think that isn't that a bit of a legal fiction as far as the way bankruptcy operates today in other words why isn't the more reasonable practically accurate conclusion here that Congress Congress effectively has assigned core matters to a bankruptcy court effectively you know of any district court that's retaining jurisdiction in bankruptcy no there aren't in your honor of which I'm aware right but you look at the statute that Congress passed the fact that the district courts subsequently said yes we are going to refer these cases to the bankruptcy court doesn't change the fact that what did Congress do when it enacted this statute it gave original jurisdiction to the district courts and even if it did assign these cases to the bankruptcy court this is not a court that does not use juries as fact-finders right because bankruptcy courts do the third prong of grand financier is just not met and the lower court got it wrong and the Bascus court got it wrong well let me ask you about a different chain factor even if we agreed with you that why isn't this an issue that could be vindicated on appeal therefore you know compromising your ability to satisfy the first chain factor because what you're really in here asking us for is this petition for writ of mandamus right I was gonna reserve ten minutes your honor but of course I'm gonna answer your question but I was referring was reserving ten minutes for for rebuttal yeah well hold on can you get yeah why don't you go ahead and answer the question and we'll worry about the rebuttal time when it comes up this case can't be resolved or the damages and the harm that would fall upon the petitioners can't be addressed to an end of case appeal because this case is one of eight adversaries currently going on okay every one of those cases looks to the other cases to say these people these petitioners engage in a pattern of practice of misconduct this is not a unique case like the court found in First National Bank of Waukesha where judge Easterbrook said this is just one you know one track of mistakes. Go ahead. Aren't things like stays available to you? We had the same question. While you take this on appeal why wouldn't a these other seven to see what happens with your appeal? Well it's not just it's not just the delay or the effect that these cases might have on one another that obviously is not the procedural posture of the cases but I think it's important to recognize here that when a jury trial right exists especially in this jurisdiction where the local rule says once the jury trial demand is made and all parties don't consent to having the bankruptcy court try that the case immediately goes to the district court so there is an immediate right to have the case in an article 3 court and that is no small that that's not unimportant okay it's this is not a case where only the trial would go to the district court under the local rule 9015 the case immediately goes to the district court would mean the district court rules on any pretrial motions okay discovery is going to be guided by any rulings this case needs to be out of the bankruptcy court which ordered the investigations that led to this adversary and the others because the bankruptcy court would be ruling on discovery motions which would guide the scope of interrogatory that are under oath that would guide the scope of depositions that are under oath bankruptcy court would stay one of the cases adjudicated in the district court while the eighth case for example is adjudicated in district court what I'm saying is even if the bankruptcy judge were inclined to do that the reality is let's say this is the one that proceeds okay if a jury trial right exists it's not just the jury trial in this particular jurisdiction the case gets immediately removed to the district court and that's significant because it's the difference between whether this article one judge handles all the pretrial proceedings but that's only significant if the judge makes a mistake I mean you want a different judge that's really what you're arguing you don't like this district court so you can get a new judge this is not unusual in contempt proceedings this happens all the time where a district court judge will refer one party or another to the US Attorney's Office or for contempt proceedings and then preside over the contempt proceeding we've held that's perfectly fine and here what what I don't understand I want to ask what judge Jackson Acumi is answering because I'm not sure you've answered this question if one case goes to a bench trial which strikes me as more of a hearing which can be conducted in a day or two you can do it by affidavit if it goes to a bench trial the district the bankruptcy judge makes a decision and then stays everything else it's just civil penalties why would I don't understand why the bankruptcy judge wouldn't do that it comes up on appeal and you get a decision on whether you have a right to a jury if you don't you try the other cases in front of the bankruptcy judge in a similar manner and if you do you retry this case to a jury and you reach and try the other ones to a jury are you saying that the bankruptcy court won't stay the other proceedings to allow that to happen your honor I don't know what the bankruptcy court would do what I am saying is that even if the court were willing to do that that doesn't carry the day it's not a because you're concerned with the rulings that the pretrial rulings that the bankruptcy judge may make but right that's your that's your argument certainly we would not want unfavorable rulings by the bankruptcy court but our concern is not this judge is going to make bad decisions the concern is that we're entitled to have an article 3 judge the district court make these decisions in this case well that's not that's just begging right well go ahead that's not totally right because the bank of the district court judge has the authority to refer to refer pretrial matters to the magistrate judge you don't necessarily have an article 3 the ability of an article 3 judge to make all pretrial decisions certainly dispositive decisions but not routine discovery decisions well certainly there but we're entitled to have it out of the bankruptcy I think that just begs the question that judge Jackson it's not responsive to the question and here let me put it another way suppose that contrary to your wishes you go forward and your client loses the proceeding in the bankruptcy court civil penalties are imposed and you appeal and you argue that that proceeding violated my client's Seventh Amendment right suppose you win on appeal what are you worried about how can if you win on appeal how can whatever happened in the bankruptcy court which would have happened in violation of the Seventh Amendment have any preclusive effect on the evidence that's in the record based on what happened in the bankruptcy court what is that I don't know what that means what does that mean on the evidence on whatever evidence came out through the trial there's going to be evidence that's in the record of course but your but your argument is grounded in in doctrines of preclusion that what you're about is preclusive effect on other civil penalty proceedings right I mean that's what you're worried about but there's gonna but there is also preclusive effect on what happens prior to the trial rulings on motions evidence that's brought in and these cases even though the other cases are stayed what happens in this case is going to be used and be relevant when those cases get unstayed even if the entire thing is vacated because the Seventh Amendment was violated what's the support for that the support for that is the venue that you're entitled to be in from the onset of a case is and being deprived of that is an irreparable harm that can support a granting mandamus and we cite this court's decision in Balsamo and that was where a party wanted to move to transfer venue and that motion was denied and this court said it was entitled to be in a different venue and the deprivation of that what's the type of harm in itself just being in the wrong forum even if later the case might be vacated okay deprivation case but it still dealt with the the venue that that the movement was entitled to or the petitioner was entitled to let me ask you let me it's a it's a flavor of the same question okay if this panel assumes as we must that this court's decisions in First National Bank and Caldwell Baker are good law right and that they bind the panel can we grant your mandamus petition yes you can your honor how okay First National Bank of Waukesha ended up being a single count claim it was a straightforward case it was not seeking the type of civil penalty that we have here and the court found that there was not going to be any preclusive effect on any other cases you know based on rulings holdings otherwise that's not what we have here even if we stay the other cases there are going to be rulings there will be findings that have a positive effect certainly someone's testimony can be used against them for impeachment purposes admissions could be used as evidence vacating the trial doesn't vacate everything that that has happened in the lower court doesn't vacate the preclusive effect of arguments that are made in briefs that might be used later for it when you wouldn't that all necessarily be true within that those kinds of risks wouldn't that all necessarily be true within the confines of the litigation of First National Bank and Caldwell Baker no because those were not there because you didn't have the multiple cases going on you're not talking about multiple cases you're talking about the what happens in discovery could functionally and effectively have a preclusive effect you know somebody testifies you can get the transcript and impeach her etc that's the kind of stuff you're you're not talking about claim preclusion is a legal doctrine you're talking about more functional and why wouldn't that be the case in district court to say you're in district where you want to be having your trial that same discovery would occur those same depositions that same testimony yes it would your honor and but if you have a right to a jury trial that gets you into the district court we will deal in the district court with those issues that come up what our position here is we have a jury trial right and it needs to be it needs to be remedied now because going forward in the bankruptcy court could have preclusive effects on the other actions not just evidentiary legal arguments holdings okay this is part of a pattern or practice that's what their claim is that you petitioners have engaged in a pattern or practice and you know how we know this because you did it in that other case that we just filed against you and you did it in that other case and that other case and that other case so the evidence that's going to come out in one single case is going to be relevant we already know it will because they said it's going to be it's going to support their claim so the idea that what we could vacate the trial and then you appeal it to the district court and we already know the district court has ruled that we don't have a jury trial right so we'll go through that appeal and we'll end up here anyway just help me with one one one more thing at least for me are you saying that say you do go to district court and you're having your trial there the lawyers in the other seven bankruptcy cases wouldn't be able to use the testimony gathered there the discovery gathered there in that preclusive way that you're worried about simply because you're in district court no they absolutely couldn't the other adversaries they absolutely could so I'm just saying why is it why is the harm you're concerned about different if you're in bankruptcy court versus district court the harm in itself is what happens if you don't get into the court that you're entitled to be in okay so you're right rulings by the district court in one trial are going to have the same preclusive effect or potentially preclusive effect as if the trial is conducted in the bankruptcy court but if we have a jury trial right the laws on ambiguous it gets it gets withdrawn now okay under 28 USC 157 e and under local rule 90 15 so we would then have a right right we're talking about the first fact no I know but you're of course you're I know what you're I know you're gonna have a right but that doesn't mean that the the very first thing that happens is that a jury is impaneled of course not you're right you're gonna go through all that discovery you're gonna have all the right I mean all that that's what you're talking about that's that's what you're worried about in the bankruptcy court it's not a worry your honor we would prefer to be in the district court right now and we have a right to the first test of Cheney presumes right it comes first but you know talking about it it okay let's say you're right you have this clear and indisputable right to a jury trial we know under 28 USC 150 70 if we don't consent to it being in the withdrawn and we know under local rule 90 15 that if that's the case it gets withdrawn now now some jurisdictions don't require that but this one does so we would have an immediate right for it to be in the district court and then all those preclusive effects whether it's evidentiary or legal rulings that the lower court it become very important it's not insignificant that you that you have a right to get out of the bankruptcy court if these conditions are met okay we understand your position we'll give you some rebuttal time don't worry about the fact that the red light went on let's hear though from the trustees council council mr. Aguiar who's here remotely good morning morning may please the court Daniel Aguilar for the u.s. trustee so I think just starting from where the courts discussion just took off from I think applying this court's decisions in Caldwell Baker and First National Bank of Waukesha mandamus is clearly inappropriate under that second of the Cheney factors and that you're going to be able to handle the merits of the claims and provide relief on a final judgment and on appellate review what Bank of Waukesha recognizes that mandamus might be appropriate where they said there is a quote foreclosure of review where there are going to be some issues necessarily that aren't going to be reviewable on an appeal from a final judgment and what counsel and I think the court have discussed here and what's that page 11 of their mandamus petition is the claim that there's going to be issue preclusion on issues of facts in related cases about whether or not this is upright laws pattern and practice of procedure that's not the kind of thing that's going to be subject to an issue preclusion or issue a stop all that's an appeal from a final judgment if the court again right now let's just assume that there is a 7th Amendment jury trial right if the court determines that there is on appeal from a final judgment that's going to affect any factual finding in any case to which that would apply and therefore there would be a remedy that would flow from that and that's why this is the kind of claim as this court said time and again in Bank of Waukesha and Caldwell Baker that this is reviewable from final judgment and simply invoking the claim that I have a to a jury trial it's not sufficient in and of itself to warrant mandamus them if you focus on the Cheney first factor and we can say just go ahead oh just as your honor was asking I'm not aware of any case that holds that there is a right to a jury trial for these 526 civil and monetary penalty proceedings and I think the district court you know applying the proper inquiry in Atlas decision and in Ray Hallahan the best reading of the 7th Amendment case law is is that there is no jury trial right here that this is you know even assuming that it's a legal claim that it's one that's presented in bankruptcy in public rights that Congress is allowed to regulate and amend and essentially you know governing the practice of attorneys in front of the bankruptcy court and those are historically things that are done without juries and just going to the public right nature of this right I think that's best captured by the Supreme Court's decision in a milibus discussing these 2005 amendments to the bankruptcy code where the court explained that these were amendments Congress passed to regulate the practice of debt relief agencies in order to correct perceived abuses and so what happens is is they impose statutory obligations on these debt relief agencies saying you know you can't misrepresent anything that you give to these clients and that if you say that you're going to perform a service you need to do that that's 526 a1 and so those are those are public rights that Congress created as it's allowed to do and what groundsman on Sierra says to is that Congress is of course free to create causes of action even if they're closely analogous to what might have existed at the common law so long as they're consistent with the statutory framework and flow from Congress's article one powers right the ability to interstate commerce or here clearly bankruptcy those are going to be public rights and so here you have an adjudication of is this that relief agency complying with the statutory obligations and if it's not what kind of remedies are warranted clearly there are equitable remedies that can be imposed in injunctions or the return of attorneys fees but then Congress also said we think in order to deter statutory violations it is worthwhile to impose civil penalties how do you deal with the language in Grand Financiera and Atlas roofing that talks about incompatibility and in Grand Financiera specifically about exclusivity yeah so I think runs the non Sierra's procedural posture is pretty informative here right because they're the the claim that said we think this is a fraudulent conveyance right that was filed in district court where obviously in district court there is you have a right to a jury trial this I think was even before the statute that allows for juries in the bankruptcy proceeding and 157 was enacted right and then the district court took that complaint and referred it to the bankruptcy proceeding now if the mere fact that the initial complaint was filed in district court if that loan could be dispositive I think grand finance here is a much shorter opinion and just as this is United States versus tall you followed it in district court so it doesn't matter about public rights because you just get a jury but that's not the analysis that grand financier went through it said this is really part of the bankruptcy claim here and then that's why we have to do this detailed analysis because this is historically a forum where we don't have jury trials so we need to go through that analysis of is this a private right is this a public right and I think then you map on to that this court's decision and in Ray Hallahan where it said you know arguably and then that's not a mandamus proceeding right in Ray Hallahan is an appeal from a final judgment just further going to show that even in jury trial claim here that's the kind of thing that you can remedy on that final appeal in Ray Hallahan said well you're claiming that this is a legal claim that it's a breach of contract claim assume that that's true nevertheless it's being raised by you as you're the one who has invoked the bankruptcy courts jurisdiction and so you are trying to essentially have your cake and eat it too you're trying to enjoy the benefits of the bankruptcy court which historically has operated without jury trials and to get all of its benefits and simultaneously you're saying that you want a jury trial that's incompatible with it and what in Ray Hallahan is said is that even on the Nova review there's no seventh amendment right there and that that kind of claim can be adjudicated without a jury and so I think applying the best reading of all those line of cases you have here a debt relief agency that prepares and files a bankruptcy petition on behalf of debtors being able to claim attorney's fees for that invoking the bankruptcy courts jurisdiction and subjecting itself to the statutory obligations that Congress enacted in section 526 and then when there's alleged to be a violation of those statutory obligations saying well I want a jury trial now even though I've enjoyed all of the benefits of the bankruptcy court system here so I think both the best reading of these cases and how the seventh amendment has been understood and applied is that there's not a jury trial right but at a minimum petitioner has not demonstrated a clear and indisputable right to relief that would even satisfy the first prong with mandamus if you focus on the if you focus on the chain factor about other other avenues for relief whether it's Cheney one or two don't worry about the order but the availability of appeal and we take our decisions in First National Bank of Waukesha and Caldwell Baker is good law you see any possible way for relief to be granted I do not a miss relief I do not this is traditionally the kind of thing you have to wait until there's a final judgment and then appeal so is that it in the trustees view then is that saying that the the the Dairy Queen line of argument is foreclosed entirely by circuit precedent as well I don't think it's foreclosed I think Bank of Waukesha took this pretty seriously and discuss those factors at length and I think what it said is Dairy Queen and apologize I'm forgetting the other case those are really drawing on this other rationale that is about foreclosure issue preclusion and being unable to actually get meaningful appellate review at the back end and that's why those cases still have merit when they apply but for the reasons that we were discussing that there's nothing here that's actually going to be issued preclusive that's going to be able to escape appellate review that's why the proper recourse is an appeal from a final judgment okay I'm happy to answer any other role do you think consent plays in this if any the consent that's embodied in in the in the what is it 157 e that have any relevance whatsoever in the Seventh Amendment merits analysis I'm being able to obtain the jury trial in the bankruptcy proceedings I read 157 e as essentially I think there if I'm remembering the history here correctly there was a series of follow-on cases from gone fancy era essentially saying we know now that for certain legal claims involving private rights those have to have juries out of bankruptcy proceedings does that mean that you have to have the jury in the bankruptcy court or the district court and then a time the statutory authority was less clear and there was a division of authority among the courts of appeals I think this court came down on the side of the statutory authority is not clear it has to be the district court holds a jury trial and so then Congress amended the statute to make it clear that in the bankruptcy court you could have the jury to to sort of have those claims and so it sort of presupposes that initially there is a right to a jury trial under the Seventh Amendment and then you have the statutory authority to flow on to it I don't read the statute as saying that even if there isn't a right to a jury trial necessarily you can get one in through the back door let me just ask you petitioners filed a motion for leave to file notice of supplemental facts they wanted us to take notice of the fact that the you know the trustee began filing motions to examine attorneys fees in several of the underlying bankruptcy cases we've referred to here which goes to their concern that they're they're on the road to a 526 claim and a bunch of these other cases to what's what's your response to that motion sure so I don't think that that's relevant to the analysis here and even if it is I think it supports us so first off I don't think any of these cases say that just because you might have to try many more cases that means that you have a greater right essentially that would be saying that if you're alleged to be a malfeasor one time you don't get a jury trial right but if you're alleged to be a malfeasor in many cases then all of a sudden you do but just as to the status of those cases there are currently seven adversarial proceedings in which I think either the trustee or the the bankruptcy court has inquired into whether or not there should be a 526 penalty in 13 cases the United States trustee has concluded its investigation and determined that the bankruptcy case should be closed with no further inquiry into whether a 526 penalty is appropriate and there are a number of other cases in which the United States trustee has said under a separate statutory provision I believe it's 11 USC 329 that potentially attorneys fees might need to be clawed back that's an equitable remedy and doesn't implicate the 7th Amendment at all and so I think it mostly at most currently there would be seven cases in which you'd have to hearing in order to adjudicate whether or not a 526 penalty is appropriate and as Bank of Waukesha made clear I think it's on page 1006 you know if you have an error and you have to redo a potential trial that's something that occurs for a lot of potentially of reversible errors but that doesn't necessitate that you grant mandamus in this sort of interlocutory posture by claiming that that's sort of an unbearable burden Mr. Aguirre can you go back on the I'm gonna make sure that I understand your position again can you can you restate it on the on the issue of the grand financier and the in the kind of Atlas roofing language about looking at whether focusing on whether you know juries are incompatible with what's happening in the non article three tribunal or whether you know there's an there's a resolution you're in a resolution tribunal that is exclusive of juries that way I mean how do you how do you read that language and reconcile with your position sure so I read that language as historically noting that in administrative proceedings or in grand financier that there aren't going to be jury trials for example I can't remember whether it's the Department of Labor that's at issue in Atlas roofing and saying you're not gonna have a jury trial they're most likely there's nothing that statutorily or constitutionally prohibits an agency they're the Department of Labor where you can imagine another one you know have been paneling an advisory jury you know pulling in other people from the agency or from the street and saying you know please help out the secretary as you know she tried you think Atlas roofing comes out the same way Atlas roofing comes out the same way if the Commission the OSHA Commission was able to resolve that by jury I think what they're saying is that historically this has been an agency or administrative tribunal where we don't have juries right because that first step is saying like what would have existed a common law separating the courts of law from equity law traditionally there were juries and when the courts had inequity traditionally there there weren't but obviously if you got I can't remember whether there were any explicit prohibitions on it but I don't think the logic changes if for example you had a court of equity who then handled an inequity in a court of law that would still be the court making all of the equitable findings and determining the equitable remedy etc but it was saying historically we know that you're not likely to get a jury in that scenario and therefore no jury trial right attaches it only attaches when you are in that court of law so in the district court sitting in bankruptcy historically you know an equitable proceeding without a jury that's why grand financier as analysis proceeds the way it does saying this is historically not a court at law so how do we analyze the kind of right that's available here it's a legal claim now I understand but it's in this equitable forum does it involve private rights or public rights and goes through that analysis okay very very well any closing comment mr. Aguiar I don't know if you can see the clock but you got about 30 yes or to deny the petition okay very well mr. Mendino will give you about three minutes on rebuttal the existence of all these other motions and the other eight adversaries distinguishes this case from First National Bank of Waukesha that's the current posture of this case the idea that the bankruptcy court might or any reasonable bankruptcy court should as your honor hypothesize stay these matters doesn't change the fact that these are not stayed and they are going forward and I think it's also relevant that what we're talking about here who is the plaintiff in these cases it's the Department of Justice now I understand that a particular subcomponent of this one entity has initiated this proceedings the region 10 US trustee but petitioners defendants like the petitions have no control over how much the Department of Justice chooses to just carve itself up to where it's oh this is just in our region well there's just one bankruptcy judge well she's probably just stay eight proceedings this is a national law firm they're subject to regulation by the Department of Justice in every jurisdiction where they practice right the fact that this proceedings doesn't mean the Department of Justice is not stayed they keep pointing to other cases where they brought actions against this law firm and they know it's a small percentage of the cases that have been filed but upright law and you know petitioners like an individual attorneys like Jim Ford there can be subject to other actions by the Department of Justice so that you know the existence of these and the existence of these motions to 26 claim it just doesn't end when we filed this there were only eight there were only seven adversaries now there's eight another one got filed and while we're in and while we've got several cases up on appeal where that Seventh Circuit is considering a jurisdictional issue they filed more actions in those cases that are currently before the Seventh Circuit and maybe that other and the preclusive effect of them is significant here and one of the things that I think mr. Aguilar talked about was issue preclusion right and your honor said well what if they what if they reversed an application of issue preclusion or collateral estoppel well that would just be reversing the application of that standard it wouldn't change the facts of what came out in a case okay because issue preclusion talks about was there a final judgment was it essentially the same parties was it fully litigated if you went on appeal the judgments vacated wholesale that's if the judgment is vacated but that doesn't change the fact that all the pretrial work would have gone through in the forum that we were allowed to be out of that it wasn't in the district court the idea that well is it do you know of support for for the proposition you're vacated because the party's Seventh Amendment rights were violated that pretrial rulings nonetheless can have preclusive effect what authority supports that your honor the evidence I'm not aware of any authority on that right now okay no go ahead finish your thought I don't have any authority on that I think we can look at what's going on in the case and see the significance of what the impact of those adverse rulings would be okay on the other cases the mere fact that someone says or you shouldn't have had you you shouldn't have had to do that deposition in the bankruptcy court doesn't doesn't change the fact that the deposition took place or that someone would later say you shouldn't have had to testify in that subject matter it doesn't mean that it didn't occur and that and that discovery or that that record evidence could still have a preclusive effect in other trials in a different forum when it comes up when someone maybe takes a contrary position or in my or an admission or a you know piece of evidence might be used for some other purpose okay thank you we we understand your position mr. Aguilar thanks to you as well we'll take the case under advisement